May it please the Court, my name is Jihan Thomas, I represent Petitioner. Yes, could you keep your voice up, please? Although, I would like to keep one minute rebuttal time. Although the Board has broad discretion to deny or grant a motion to reopen, in this case we ask this Court to find that the Board has abused its discretion for two reasons. Keep your voice up. Petitioner motion to reopen rested on both his conversion to Christianity and detailed evidence of changed country condition in his country of nationality, Indonesia. The Board only analyzed Petitioner's conversion to Christianity while ignoring completely the attached evidence detailing the increased violence against Christians. Actually, I should know the answer to this and I don't. Who makes the determination whether escalation in violence constitutes changed conditions? An Article III Court or the Court of Appeals or the BIA? It should be the Board, Your Honor. They should check what was the administrative record, what was admitted, whether the new evidence was qualitatively different from the former hearing, and I think the Board did not do that in this case. If they had added a sentence that they had considered the application, both the conversion and the alleged escalation, and found that in context they should not reopen, then there would be no. That is correct, but they did not do that. They didn't do it. They didn't do it. They just only ruled the fact that he has converted. And based on a line of cases from this honorable Court, which is Sen, He, and Lopez-Almaraz, they said that his change or his conversion to Christianity is a personal change circumstance and does not constitute or is not a grounds for a motion to reopen under USC 1229. But this case is completely different from He, Chen, or Lopez-Almaraz because it's not resting solely on petition of conversion to Christianity. He has also attached qualitative evidence that depicts an increased violence against Christians in Indonesia. What's the additional evidence? Well, this is what I'm going to show to the Court. The qualitative end of it for two reasons, Your Honor. I've now shown government culpability in the persecution of the Christians in Indonesia, and I'd like to refer to the record as the government in the Freedom of International Religious Freedom Report. It says, while often police were present, they either failed to attack or even assisted the militants in their attacks against the Christian churches. That would be, Your Honor, in AR 35. One hundred Muslim extremists accompanied by local government authorities threatened to tear down a church at AR 43. And then local government authorities accompanied by an Islamic mob attempted to demolish two buildings at AR 51. And then attacks on theological schools, violent destruction, and deaths, despite the fact that 400 police members were present. So we're talking here now there's a culpability, and the government is not just acquiescing, but is actually participating in the persecution of the Christians in Indonesia. That is exactly what that qualitative evidence that this Honorable Court has found in Malti v. Ashcroft. So you're just not relying on her conversion to Christianity? No, Your Honor. We're asking, maybe this is a case of first impression, because all the other cases before the circuit has dealt with just personal chain circumstances. I believe in He v. Gonzalez in the dicta this Honorable Court has held that it would deny the petition. However, absent additional circumstances in the changed country condition in China, it would have granted the petition. But I take it you would agree with us, though, that we don't analyze whether the change or the evidence that you submitted rises to the level of material changed country conditions, right? We'd still have to remand if the BIA did no analysis on that. Now, it may be that on remand the BIA determines, based on the 50, 70 pages that you submitted, that the changed conditions are not sufficiently material. But that analysis is up to them to determine in the first instance. Would you agree with that? Yes, I agree with that, Your Honor. But I believe this Honorable Court can remand it back to the Board and indicate that it abuses discretion, because under the precedent of this Honorable Court, it always says that the Board acts arbitrarily, contrary to the law and irrationally. If it does not evaluate the evidence or even... Oh, so you're asking that we look at the changed country condition evidence and indicate that there is evidence of material changed country conditions? That is correct, Your Honor. And I believe the Respondent has also argued to this Court that this Court examined in Tambopolon the same period and found that Christians are a disfavored group in Indonesia. Well, you have to look at all the evidence that's in the record. That may be the case. And Judge Nguyen is right, that there's little here to suggest that they really considered the additional evidence. That's really the task of the Board. Yes, Your Honor. And if there's any question... It's not material to what you're arguing. I take it the IJ make any credibility determinations about the legitimacy of the conversion? I don't think there was. That wasn't even before the IJ, because at that time he was still... No, no, no. That's good. Excuse me. Of course not. They denied it. But the Board accepted that he has already converted to Christianity. But it said that it was just a personal change of circumstances. And under USC 1229, he must show also a changed country condition. And they completely ignored 100 pages of evidence that documented a qualitative change in Indonesia. That accompanied his conversion to Christianity. Okay. Thank you. You have a few minutes for rebuttal. Yes, Your Honor. May it please the Court, Nicholas Harling for the respondent. In this case, the Petitioner made two arguments to excuse the untimeliness of the motion to reopen. He argued that he had recently converted to Christianity and that conditions for Christians in Indonesia had gotten worse. The Board acknowledged both those arguments.  Shouldn't it have ruled on the second? That is a good question, Your Honor. It doesn't look like it. Well, that's what I thought at first as well. I read your brief. It's interesting. It's interesting because whether the Board was required to speak on the issue or not comes down to what this Court requires under its case law. If this Court ultimately determines that under its past case law, the Board should have explicitly ruled on whether there had been changed country conditions for Christians in Indonesia, then the proper course of action is for the Court to remand the case back to the Board to make that determination in the first instance. However, in reading the Court's case law, and in particular the Hebe-Gonzalez case, the first time I read it, I thought, well, perhaps remand is the appropriate course of action because the Court in that case said this is a change in personal circumstance. And then as Petitioner's counsel quoted, the Court goes on to say, absent additional evidence of changed circumstances in China, following the BIA's issuance of the final order, we must deny the petition for review. And then the Court cites a Second Circuit case, which states that leaving open the possibility that a petitioner who has changed personal conditions might also be able to show changed country conditions, that might be enough. However, when I read further in the Hebe case, just another paragraph below, the Court says, the Hebes have provided insufficient supporting documentation to establish changed country conditions in China for reasons other than the change in their personal circumstances. So it seems to suggest to me in reading that paragraph that what the Court was saying is the aliens in that case had changed personal circumstance, and what they failed to do was show some other type of changed country conditions unrelated to their change in personal circumstances. I don't understand that reading of it, because unless it applied to you personally, what difference does it make that there have been changed conditions? It would seem to me that the changed condition would have to be germane to your own personal status. What the Court was saying is, unless they have another basis, other than their change in personal circumstance, and here was the birth of an additional child, unless they can show something else, my reading of Petitioner... But bear with me. Assume that there was a genuine conversion, and assume that, in fact, as found by the BIA, Christians were being... There were changes. I mean, the things had changed, and it was getting worse and worse and worse. I mean, shouldn't then the relief be granted regardless of... I mean, it just seems to me that the BIA ought to take a look at it. What I would reply to that, Your Honor, is, again, in he, the Court cited that, cited other courts and cited the Second Circuit's statements for the policy of stating that if you allow an alien to reopen an untimely case based on changed personal circumstance, it allows the alien to gain the system. Now, if you add the additional requirement that changed personal circumstances will be excused if it is also additionally accompanied with a change in country conditions related to that personal circumstance, although it makes it a little bit more difficult to gain the system, nevertheless, the alien is still able to... How are they gaining the system? They have to go back and have a hearing. I mean, either their conversion is true... Correct. Or it's not, and the IJ will make that determination. I don't believe that the question revolves around whether the conversion is true, as in this case... Well, no. I mean, you said it provides an opportunity to gain the system. This is just merely a motion to reopen, and the result of that is the proceedings below are reopened, and the Board can't make findings of fact, so the Board would remand it to the IJ to make a determination as to whether there's a true change, you know, whether there's an honest conversion, and then to evaluate the conditions and whether they've changed significantly since the prior proceeding. I mean, but the gaining I guess you're referring to is that if it's not found to be true, the conversion, then he's delayed his removal. That's true, Your Honor, and then also the fact that... You know, Congress still left open the possibility, and the Board recognizes motions to reopen frequently. I mean, we've sent cases over to them, and they've granted motions to reopen. Of course. Of course you have. You know, they do. It's interesting. If you have this added requirement, when you have a change in personal circumstance, but you allow for a genuine change in country conditions, if accompanied with that to be the basis of a motion to reopen, then really it doesn't matter whether the change was in personal circumstance or not. So then that begs the question, what have all the other courts been talking about when they've affirmed Board denials based on change in personal circumstance? If it doesn't matter whether... If all you really have to show is a genuine change in country conditions, then it doesn't matter whether that change is related to your personal circumstance or not. And the final... I mean, I thought of this gaming thing. I mean, there's a possibility somebody can con the I.G.A. into an ungenuine conversion was a genuine conversion. There also is a gaming system, you're staying in the country a little longer. Correct, Your Honor. Isn't that a small price to pay when weighed against what, you know, suppose there was a genuine conversion and suppose conditions really had gotten worse to allow the person to stay here? I mean, I hear you. I mean, you're not... It's not a silly argument, but it comes down to a weighing of interest. It does, Your Honor. And again, it's not a question of whether it would have been better for the Board to explicitly speak to that second argument. Of course it would have been clearer and perhaps better. The question that I am here and defending is whether the Board was required to. And under the Court's law, I'm not sure it was required to. It's unclear. Other circuits have kind of addressed this issue as well. I mean, there's an interesting case from the Seventh Circuit. Yes, Your Honor. Judge Posner has a lot to say about this situation. Yes, Your Honor. Are you referring to the... Are you referring to Lou? Lou? Shuhan Lou? Is that the one? Oh, I'm sorry. I'm only familiar. I was just familiar with the Zao case that the Court in Key cited. So again, Your Honor, it basically comes down to if the Court decides that the Board erred in not explicitly making a determination on whether there had been changed country conditions for Christians in Indonesia, the proper recourse is to remand. That's correct. However, if under the Court's case law that's not required, then the Board did not err. Okay. Thank you. Thank you, counsel. We appreciate your argument. You have some time for rebuttal. Thank you. Your Honor, the Board in this case did not at all question the genuity of whether he converted or not. They accepted as a fact the letter that was presented. I injected that issue wrongly because they denied the motion to reopen. Yeah, I know. But they said, you know, they never questioned the genuineness of his Christianity. They said it was based on a personal change circumstance. I would assume that if the Board were to find that assuming the genuineness of the conversion, there has not been a changed circumstance, that's the end of the case. That is correct. But they never did that. So it wasn't an issue before the Board. And two, I mean, the government is indicating that maybe the Board was not required. And I understand under this precedent in Najbandi that the Board does not have to write an exegesis on every contention. But the changed country condition was the only contention that the Board was asked to rule, evaluate, and analyze in order to qualify petitioner under the motion for 8 U.S.C. 1229. The result of ‑‑ if they grant the motion to reopen, it doesn't mean that you're going to get relief. I understand your argument. It goes back so that they can take a look. That is correct. And then also on the third argument, this Court analyzed in Sarkees v. Holder. It's an unpublished opinion. It analyzed the fact whether it was a personal change circumstance in addition to a changed country condition, whether it's appropriate to remand. In that specific case, we had a petitioner. He was a Lebanese. He married a Jewish lady. And then he presented evidence that there was anti‑violence against Western and anti‑Israeli, you know, violence in Lebanon. And he asked to remand. Again, the Board denied the case, stressing that it was based on his personal change circumstances because it was because of his marriage to the Jewish lady. This Honorable Court remanded it back, asking it to evaluate the changed country conditions in Lebanon as it relates to Sarkees' changed personal circumstances, i.e., his marriage to the Jewish lady. So it is possible because you won't have the changed country condition would not be pertinent unless it actually relates to you and it relates to your own circumstances. So based on that, we respect the request. I'm asking a question. Just be educated since district judges don't hear appeals from the BIA. What would happen here? Suppose there's a remand for the question of whether there was changed conditions. Okay. Would the BIA then remand it to the IJ for determination on both issues or would there be argument for the BIA on the threshold question whether the escalating violence constituted a changed condition? No, actually, the Board is required to send it back to the immigration judge for a full hearing to determine the Christianity, the changed country condition, if he would be, you know, well‑founded fear and there would be any particular ‑‑ So there would not be argument in the BIA about, you know, the first, the initial argument would not be in the BIA about the changed conditions? That is correct. It has to go back to the immigration court. Thank you, Your Honor, so much. Thank you, counsel. We appreciate, as I said, your arguments in this case. The matter is submitted at this time.
judges: Motz, Paez, Nguyen